IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

FILED IN OPEN COURT
OCT 28 2024
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:24-cr-113 |
| SHAWN CLAUDE CROWELL, | |
| Defendant. | |

## STATEMENT OF FACTS

The United States and the defendant, SHAWN CLAUDE CROWELL (hereinafter, "the defendant"), agrees that at trial, the United States would have proven the following facts beyond a reasonable doubt with admissible and credible evidence:

1. The defendant, an active duty servicemember of the United States Navy, was assigned to Helicopter Sea Combat Wing Atlantic (WINGLANT) at Naval Station Norfolk from December 2022 to September 2024.

2. The defendant, holding rank as a Chief Petty Officer, while assigned to WINGLANT, was responsible for the inspection and the inventorying of the military equipment belonging to the Command. To accomplish his duties, the defendant had access to the military equipment of the Command and the equipment inventorying program known as "Deckplate".

3. Using his access and position with WINGLANT, the defendant stole numerous items belonging to the federal government, including but not limited to seven (7) sets of Night Vision Goggles (NVG), commonly referred to as NODs, two (2) Matbock Tarsier Eclipse lenses, and eight (8) NVG battery packs.

4. From at least on or about January 2023 through on or about June 2023, in the Eastern District of Virginia and elsewhere, using his position and access with WINGLANT, the

defendant did knowingly steal property belonging to the United States government, including: seven (7) sets of Night Vision Goggles (NVG), commonly referred to as NODs, two (2) Matbock Tarsier Eclipse lenses, and eight (8) NVG battery packs.

5. Between February 2023 and May 2023, the defendant sold five (5) sets of the stolen NVGs to third party purchasers:

a. On or about March 4, 2023, the defendant sold one (1) set of NVGs, stolen government property, to W.L., a bona fide purchaser for value, for $3,647.

b. On or about March 4, 2023, the defendant sold one (1) set of NVGs, stolen government property, to E.H., a bona fide purchaser for value, for $4,600.

c. On or about March 23, 2023, the defendant sold one (1) set of NVGs, stolen government property, to B.G., a bona fide purchaser for value, for $4,000.

d. On or about April 1, 2023, the defendant sold one (1) set of NVGs, stolen government property, to A.H., a bona fide purchaser for value, for $3,800.

e. On or about April 15, 2023, the defendant sold one (1) set of NVGs, stolen government property, to K.M., a bona fide purchaser for value, for $3,900.

6. The defendant used online advertisements to sell the stolen property. On April 20, 2023, a Naval Criminal Investigative Services (NCIS) Undercover Agent (UC) contacted the defendant regarding the sale of NVGs. The defendant sent the UC eight (8) photographs of one (1) set of NVGs. Thereafter, the defendant met with the UC in-person and sold the UC one (1) set of NVGs, which was stolen government property, for $4,500 in cash. The UC thereafter took possession of the single set of NVGs.

7. On or about March 8, 2023, the defendant listed a posting on the website "Reddit", for the sale of two (2) Matbock Tarsier Eclipse lenses. Tarsier Eclipse lenses are image enhancing

accessories for use with NVGs and are regulated by the International Trafficking in Arms Regulations (ITAR).

8. On March 8, 2023, the defendant sold two (2) Matbock Tarsier Eclipse lenses, stolen government property, to M.G. for three hundred dollars $300. The defendant then transferred the stolen government property to M.G. through the United States Postal Service (USPS).

9. On or about April 1, 2023, the defendant sold eight (8) NVG battery packs, stolen government property, to R.F. for $500.

10. On May 10, 2023, NCIS interviewed the defendant, who, after waiving his rights, stated that, in his professional capacity, he performed program compliance inspections on equipment and that he had never stolen government property.

11. On May 10, 2023, NCIS executed a Federal Search Warrant on the defendant's vehicle. NCIS recovered one (1) stolen set of NVGs, belonging to the United States government, from the inside of the vehicle.

12. The value of the government property stolen by the defendant was at least $164,646, including:

   a. Six (6) sets of AN / ANS-9 NVGs costing $23,237 each;

   b. One (1) set of AN / PVS-15C NVGs costing $21,876;

   c. Two (2) sets of Matbock Tarsier Eclipse Lenses costing $530 each; and

   d. Eight (8) sets of NVG battery packs costing $286 each.

13. The investigation and evidence support beyond a reasonable doubt that from on or about January 2023 through on or about June 2023, in the Eastern District of Virginia, the defendant did willfully and knowingly steal and purloin, with the intention of depriving the

government of the use and benefit of the property, the aforementioned stolen government property, of a value exceeding $1000, of the goods and property of the United States. The acts taken by the defendant, in furtherance of the offense charged in this case, including the acts described above, were in all respects knowing and deliberate, with the specific intent to violate the law, and were not committed by mistake, accident, or other innocent reason.

14. The defendant acknowledges that the foregoing statement of facts does not describe all of the defendant's conduct relating to the offense charged in this case. It does not describe all of the defendant's conduct relating to the offenses charged in this case, does not identify all of the persons with whom the defendant may have engaged in illegal activities, and is not intended to a full enumeration of all the facts surrounding the defendant's case.

Respectfully submitted,

Jessica D. Aber
United States Attorney

Date: October 28, 2024

By: _____
Jeremy W. Mckinnon
Special Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, SHAWN CLAUDE CROWELL, and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

_____
SHAWN CLAUDE CROWELL

I am Shawn Cline, defendant's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

_____
Shawn Cline, Esq.
Attorney for SHAWN CLAUDE CROWELL